|  |  |
|---|---|
| BAKKAR SINGH, | No. 2:16-cv-2250 MCE GGH |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| RON DAVIS, | |
| Respondent. | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

*INTRODUCTION AND SUMMARY*

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. section 2241 (actually 2254)[1] which authorizes the filing of a petition by a person in custody under the judgment and sentence of either a federal or a state court. Petitioner was tried, convicted and sentenced by the Yolo County Superior Court, which is located in the Eastern District of California and is therefore properly before this court. 28 U.S.C. § 2241§ (d). He challenges his sentence of 40 years to life after conviction in the Yolo County Superior Court for murder, theft of a car, theft of a gun and infliction of great bodily injury on the ground that the sentence imposed was "unauthorized" insofar as the jury verdict with respect to the sentencing

---

[1] State prisoners seeking habeas corpus relief must proceed pursuant to 28 U.S.C. section 2254. Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004).

1

enhancement would have only permitted a sentence of 25 years to life. ECF No. 1. As more fully discussed below, petitioner relies on a typographical error in the jury verdict form as the basis for this claim.

Now pending is the respondent's Motion to Dismiss on the ground that the petition is barred by the statute of limitations found in the Antiterrorism and Effective Death Penalty Act of 1995 ["AEDPA"]. Because this Motion specifically, and the case as a whole, rises and falls on the limitations question, the court will not provide any factual summary of the substance of petitioner's trial or his prior collateral attacks on the judgment.

*AEDPA STATUTE OF LIMITATIONS*

Petitioner's procedural history is important in understanding the outcome of the limitations motion. That history is as follows:

| | |
|---|---|
| January 23, 2008 | Judgment entered. Log. Doc. No. 1. |
| February 3, 2009 | District Court of Appeal affirmance. Lod. Doc. No. 2. |
| April 17, 2009 | California Supreme Court denies Petition for Review. Lod. Doc. No. 4. |
| November 5, 2014 | Habeas Petition filed in Yolo Superior Court Lod. Doc. No. 5 [issue of improper sentencing first raised here] |
| January 14, 2015 | Yolo Superior Court denies petition. Lod. Doc. No. 6 |
| February 5, 2015 | Habeas Petition filed in Third District Court of Appeal. Lod. Doc. No. 7. |
| February 12, 2015 | Third District Court of Appeal denies petition. Lod. Doc. No. 8. |
| January 6, 2016 | Habeas petition filed in Yolo Superior Court. Lod. Doc. No. 9 |
| June 2, 2016 | Yolo Superior Court denies petition. Lod. Doc. No. 10. |
| June 17, 2016 | Habeas petition filed in Third District Court of Appeal Lod. Doc. No. 11 |
| June 23, 2016 | Third District Court of Appeal denies petition. Lod. Doc. No.12. |
| July 5, 2016 | Habeas petition filed in California Supreme Court. Lod. Doc. No.13. |
| August 31, 2016 | California Supreme Court denied petition. Lod. Doc. No. 14. |
| September 22, 2016 | Federal habeas petition filed in the instant case. ECF No. 1. |

2

Petitioner's only opposition to the statute of limitations application argued by respondent centers upon his belief that if he is proceeding pursuant to section 2254, as he must, see footnote 1, the AEDPA statute of limitations does not apply to him; it only applies to section 2241 petitioners. As explained by respondent, the assertion is meritless. See section 2244 which is replete with references to section 2254 and provides that a "person in custody pursuant to a judgment of a State court" (the same language used in section 2254) is subject to the one year statute of limitations." However, the court may not leave the statute of limitations analysis after disposing of the opposition, as higher courts will demand that a full analysis be performed in a pro se case.

The Anti-Terrorism Effective Death Penalty Act ["AEDPA"] contains its own statute of limitations in 28 U.S.C. § 2244(d)(1): "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the Judgment of a State Court. The limitation period shall run from the latest of – (A) the date on which the judgment became final by the conclusion of direct review . . .", although "the time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation." When a petitioner has exhausted his direct review through the state's highest court, as petitioner did here, the AEDPA limitations period, commences 90 days after denial of the direct review. Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir.1999) (holding that the period of direct review for purposes of AEDPA's limitations period "includes the period within which a petitioner can file a petition for writ of certiorari from the United States Supreme Court"). Thus, the AEDPA limitations period expired one year later. i.e., on July 16, 2010 (90 days and one year after denial of Petition for Review).

Utilizing the usual "culmination of direct review" limitations period as set forth above, and even assuming that the precise issue in the very first state habeas petition was raised in this federal petition, see Lodged Doc. 5, that first state habeas petition was filed years after the expiration of the AEDPA limitations period. Thus, petitioner is entitled to *no* statutory tolling as a belated filing of a state habeas petition cannot resurrect the already expired limitations period. Ferguson v. Palmeteer, 321 F.3d 820, 823 (9th Cir. 2003); Green v. White, 223 F.3d 1001, 1003

(9th Cir. 2003); see also Williams v. Eldridge, 2015 WL 1520406 (C.D. Cal. 2015 (giving a good explanation of the rule.).

Because the first state habeas petition was filed after the limitations period had expired, there is no need to examine whether petitioner was entitled to statutory gap tolling either within a round of state habeas filings, see Evans v. Chavis, 546 U.S. 189 (2008), or with regard to the time between each round. See Biggs v Duncan, 339 F.3d 1045, 1047-48 (9th Cir. 2003). If one is entitled to no statutory tolling whatsoever, gap tolling is a moot issue.

Petitioner could argue, however, for application of the alternative commencement date for the limitations period—the time at which the factual predicate was discovered in the exercise of *due diligence*. 28 U.S.C. section 2244(d)(1)(D). However, he claims here only that the error, a clerical error in the jury verdict form, "just came to his attention" when he filed his first belated, state habeas petition. Lodged Document 5 at item 15, Form Petition. Happenstance discovery of one's legal issue does not qualify for diligence, even for a pro se. See O'Shields v. Smith, 2014 WL 198328 *6 (M.D.N.C. 2014). The lack of petitioner's diligence for years in bringing the claim petitioner brings here is discussed at length in the equitable tolling and actual innocence sections below, and that discussion is adopted here. The alternative commencement date does not therefor permit the court to find the petition here to have been timely brought as petitioner's lack of diligence precludes its application.[2]

*EQUITABLE TOLLING*

Although a petition may be untimely if none of the commencement dates set forth in section 2244(d) would make the petition timely, such default may be excused for equitable reasons. To benefit from the equitable tolling doctrine, the [p]etitioner has the burden to show: (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented timely filing. Holland v. Florida, 560 U.S. 631 (21010).

---

[2] The factual predicate subsection (d)(1)(D) in section 2244 is not an issue of statutory tolling, or equitable tolling; rather it is an alternative date on which the statute of limitations can commence—usually some time after the usual limitations period of (d)(1)(A), i.e., one year from conviction finality. However, the concept of due diligence for discovery of the factual predicate in (d)(1)(D) is similar to the diligence requirement in equitable tolling.

4

Petitioner has the burden of showing facts entitling him to equitable tolling. Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). The threshold necessary to trigger equitable tolling is very high, "lest the exceptions swallow the rule." Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009). Equitable tolling may be applied only where a petitioner shows that some external force caused the untimeliness. Petitioner has made no effort to attempt to gain access to equitable tolling in responding to respondent's Motion to Dismiss other than through the incidental remark in his first state petition that he had "only recently discovered" the basis for his claims. Specifically, petitioner explains his delay in bringing this claim with the statement "[u]nauthorized sentence only recently discovered. Statutes of limitations do not apply based on fundamental miscarriage of justice." Lodged Document 5 at item 15, Form Petition. Clearly, the statement does not exhibit diligence or forces external to petitioner which caused a late filing of his federal petition.

*ACTUAL INNOCENCE*

Petitioner does, however attempt to present an argument in the petition that he is pleading "actual innocence," which is the final ground to prevent dismissal on statutory grounds, thus requiring a review of the facts underlying his claim. The Supreme Court held, in McQuiggin v. Perkins, ___ U.S. ___, ___, 133 S.Ct. 1924 (2013), "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, . . . or . . . expiration of the statute of limitations. Id. at 133 S.Ct. at 1919. The Court noted that it had applied the miscarriage of justice exception, which encompasses a claim of actual innocence, to overcome various procedural defaults such as successive petition, abusive petition, failure to develop facts in state court, and failure to observe state procedural rules. Id. at 133 S.Ct. at 1931-1932. With regard to actual innocence, the court had previously ruled that it could be used to overcome "a prisoner's failure to raise a constitutional objection on direct review" as well as to overcome a procedurally defaulted claim of constitutional injury." ___ U.S. ___, 133 S.Ct. at 1932. There are, however, limitations on the application of this holding.

"The miscarriage of justice exception, . . . applies to a severely confined category: cases in which new evidence shows '"it is more likely than not that no reasonable juror would have

convicted [the petitioner].'" Id. *quoting* Schlup v. Delo, 513 U.S. 298, 329, 115 S.Ct. 851 (1995). Further, the Court pointed out that "Congress . . . required . . . petitioners attempting to benefit from the miscarriage of justice exception to meet a higher level of proof ('clear and convincing evidence') and to satisfy a diligence requirement . . .". ___ U.S. at ___, 133 S.Ct. at 1933. .

Petitioner's actual innocence claim can be placed in a nutshell: he claims that since the jury signed a verdict form that adopted an sentence enhancement under California Penal Code section 12022.53(b), which carried a term of 10 years, but which was applicable only to a defendant convicted of manslaughter, not second degree murder, ECF 1 at 10:20-13:24, the court sentencing him pursuant to section 12022.53(d), which carried a term of 25 years, was contrary to the finding of the jury. That is, petitioner contends that the jury found him innocent of the longer enhancement. The record reflects both of the underlying factual allegations to be true, i.e., the jury signed a verdict form that cited to 12022.53(b), Lod. Doc. 13, Exh. B at 483, while the abstract of judgment sentenced pursuant to 12022.53(d), Id., Exh. A, and the court so stated during petitioner's sentencing hearing. Id. at 11:22-25 (Transcript). But petitioner is incorrect in his assertion that these actions resulted in an illegal sentence and, thus, renders him actually innocent.

Prior to the inception of petitioner's trial, the prosecuting attorney submitted a motion to amend the information court stating the following:

> On January 22, 2007, the United Supreme Court [sic] in *Cunningham v. California* (2007) 549 U.S. [270] shattered the California's determinate sentencing law by requiring factors in aggravation used to justify an upper term be submitted to a jury and proved beyond a reasonable doubt. Based on this ruling *the People respectfully request to amend the information to add sentencing factors in aggravation that must now be plead and proven at jury trial.* (Emphasis added.)

One of those sentencing factors involved the enhancement for use of a firearm. The jury was properly instructed that if manslaughter was found, the enhancement at issue was ten years pursuant to Cal. Penal Code section 12022.53(b).[3] Petition, Exhibit F. The jury was also

---

[3] Petitioner initially insists that the jury instruction regarding the 10 year enhancement was not applicable in his case because the only charge he faced was murder, and manslaughter was not at issue. Petitioner's recollection is faulty. As he informed the California Supreme Court on direct review:

6

properly informed that if it found murder, the 12022.53(d), 25 year enhancement was required. Petition, Exhibit E.

No one contests the fact that the jury found petitioner guilty of second degree murder. It so happened, however, that the jury verdict form given to the jury for the enhancement after a murder finding contained the statutory reference to the manslaughter enhancement. The entire verdict form, signed by the foreperson, is set forth below:

> We, the Jury sworn to try the above-entitled case, find the allegation that the Defendant. BIKKAR SINGH, did willfully, unlawfully, and personally use a firearm, within the meaning of Section 12022.53(b) of the California Penal Code, during the commission of the crime alleged in Count 1, a lesser included offense, Section 187(a), MURDER IN THE SECOND DEGREE, of the INFORMATION to be TRUE.

Petition, Exhibit B (Uppercase in original); <u>see also</u> Petition, Exhibit C.

However, when the Yolo County Probation Department submitted its sentencing report on January 8, 2008, it stated that petitioner had been found guilty of an enhancement under California Penal Code section 12022.53(d), Lodged Doc. 5 at 3:4-13, which carried a much longer period of incarceration. The court also referred to section 12022.53(d) in rendering its sentence at hearing. Id. at 12. Petitioner received the 25 year enhancement.

Petitioner speculates that the jury, in a compassionate moment, decided to insert the statutory subsection with the lesser enhancement (b), in lieu of the more stringent and mandatory (d). This speculation ignores the fact that there is no evidence that the jury typed its own verdict forms affirmatively inserting the "b" subsection (a fantastical improbability), and that the jury could not have ignored its own murder finding, appearing in the verdict form in capital letters, in applying the enhancement. The jury, which was instructed correctly, including the instruction to find the "d" subsection if the verdict was murder, is presumed to follow the jury instructions.

---

> The only disputed issue [at trial] was whether appellant premeditated and deliberated the killing as the prosecutor argued or engaged in perfect or imperfect self-defense as appellant argued. The jury did not accept either argument and convicted appellant of second degree murder.

Petition for Review at 2009 WL 934758 (March 6, 2009). Of course, imperfect self-defense, if found by the jury, is a manslaughter conviction. <u>In re Christian S.</u>, 7 Cal 4th 768 (1994); <u>People v. Blakeley</u>, 23 Cal. 4th 82 (2000).

7

Richardson v. Marsh, 481 U.S. 200, 211 (1987).  It is clear that the erroneous statutory subsection was merely a typographical error input by the counsel (or court employee) that typed the form, which no one caught until petitioner did some years after the sentence had been imposed.  This is hardly the substance of what may constitute "actual innocence."  See Jaime v. Stephens, 2015 WL 5126029 *4 (S.D. Texas 2015); Ingram v. United States, 2014 WL 7330438 (S.D.N.Y. 2014) both standing for the proposition that clerical errors in court documents do not give rise to claims for actual innocence).

*CONCLUSION*

The petition is not timely filed, and should be dismissed on that basis.

IT IS HEREBY RECOMMENDED:

1. Petitioner's writ should be dismissed with prejudice;

2. No Certificate of Appealability should be issued; and

3. The Clerk of the Court should be directed to close this case.

This Findings and Recommendations is submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, the parties may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.1991).

Dated: June 6, 2017

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE